STEPHEN W. DAVIS
State Bar No. 24066792
Reginald A. Jala
State Bar No. 24132126
COOK KEITH & DAVIS
A PROFESSIONAL CORPORATION
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
214-368-4686
214-593-5713 Telecopy
e-mail:  stephen@cookkeithdavis.com
         reggie@cookkeithdavis.com
         all@cookkeithdavis.com

**ATTORNEYS FOR CREDITOR
LITTLE SHEPHERDS CAPITAL, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 11** |
| | ) | |
| **EEE DEVELOPMENT, LLC** | ) | **Case No. 26-80006-sgj11** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |

### LITTLE SHEPHERDS CAPITAL, LLC'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE FILED IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON **JULY 6, 2026**, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Movant, Little Shepherds Capital, LLC ("LSC"), creditor in the above-numbered and styled bankruptcy case, and files this Motion requesting entry of an order terminating the automatic stay pursuant to 11 U.S.C. § 362(d), and in support of same would respectfully show the Court the following:

I.

JURISDICTION

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §362.  This is a core proceeding under 28 U.S.C. §157(b).

II.

FACTS

2.      On May 8, 2026, an involuntary Chapter 11 petition was filed against Debtor EEE Development, LLC.

3.      On or about April 26, 2024, Debtor executed a promissory note ("Note") in the principal amount of $500,000.00 in favor of LSC. A true and correct copy of the Note and subsequent amendments is attached as Exhibit A-1 and incorporated by reference.

4.      The Note, as amended, required the Debtor to pay interest on the principal amount beginning on May 26, 2024 through April 26, 2026, at which point the principal amount would become fully due and payable. *See* Exhibit A-1.

5.      In connection with the Note, Debtor executed a Deed of Trust, recorded as Instrument No. 2024-08079 in the property records of Hunt County, Texas to secure payment of the Note. A true and correct copy of the Deed of Trust is attached as Exhibit A-2 and incorporated by reference.

6.      The Deed of Trust grants LSC liens on the following real properties ("Properties"):

Lot 15, Block J, of STONEWOOD PHASE 3, an addition to the City of Greenville, Hunt County, Texas, pursuant to the final plat map thereof recorded in as Document No. 2022-01396 on January 20, 2022, of the Official Public Records of Hunt County, Texas (commonly known as 7806 Grant Lane, Greenville, Texas);

Lot 10 of Block F, of ELLIS ESTATES PHASE 2-A, a proposed addition to the City of Greenville, Hunt County, Texas, pursuant to the preliminary plat of Ellis Estates being part of the Thomas S. Havins Survey, Abstract No. 1267, City of Greenville, Hunt County Texas (commonly known as 245 Brent Lane, Greenville, Texas); and

Lot 11 of Block F, of ELLIS ESTATES PHASE 2-A, a proposed addition to the City of Greenville, Hunt County, Texas, pursuant to the preliminary plat of Ellis Estates being part of the Thomas S. Havins Survey, Abstract No. 1267, City of Greenville, Hunt County Texas (commonly known as 255 Brent Lane, Greenville, Texas).

Exhibit A-2.

7.      The Deed of Trust is the first and superior lien on the Properties.

8.      On April 16, 2026, LSC sent Debtor a notice of default and demand for payment ("Demand Letter"), advising the Debtor that the debt would be immediately accelerated if Debtor failed to cure the default within 20 days. A true and correct copy of the Demand Letter is attached as Exhibit A-3 and incorporated by reference.

9.      Debtor has not cured the default and no post-petition payments have been received from the Debtor since the filing of the involuntary petition on May 8, 2026.

10.     As of April 26, 2026, the full principal balance of $500,000.00 became due and payable under the Note. Debtor failed to pay the principal balance and has also failed to make the interest payments due and owing under the Note.

11.     Debtor's failure to pay the principal balance when due and its failure to make required interest payments constitute default under the Note and Deed of Trust.

---

12.     As a result of Debtor's default, the debt was accelerated on May 6, 2026. As of the date of this Affidavit, the outstanding amount due and owing to LSC is $500,000.00 in principal, plus accrued and unpaid interest, fees, and costs as provided under the Note and Deed of Trust.

13.     As of the filing of this motion, the total amount due and owing to LSC is $500,000.00 in principal, plus accrued and unpaid interest, fees, and costs as provided under the Note and Deed of Trust.

14.     Accordingly, LSC requests relief from the automatic stay to permit it to exercise its rights and remedies under the Note, the Deed of Trust, and applicable state law, including proceeding with foreclosure of its liens on the Properties.

III.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d).

15.     Movant incorporates the paragraphs above as if fully set forth herein verbatim.

16.     Movant requests that the Court terminate the automatic stay to allow Movant to exercise all of its rights and remedies against the Debtor under state law, including, foreclosing its lien on the Properties.

17.     Section 362(d)(1) of the Bankruptcy Code states "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…for cause." 11 U.S.C. § 362(d)(1).

18.     Moreover, Section 362(d)(2) of the Bankruptcy Code requires the Court to grant relief from the automatic stay where (a) the debtor has no equity in the property against which a

party seeks to act and (b) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

19.     While the movant has the burden of proof on the issue of the debtor's equity in the property, "the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g). Showing that collateral is necessary to an effective reorganization requires demonstrating both that the property is needed for a potential reorganization and that there can be an effective reorganization in the sense that there is "a reasonable possibility of a successful reorganization within a reasonable time." *In re Northbelt, LLC*, No. 19-30388, 2020 Bankr. LEXIS 2358, at *11 (Bankr. S.D. Tex. 2020).

20.     Debtor has no equity in the Properties as the amount currently owed to LSC under the Note exceeds the value of the Properties. According to the Hunt County Appraisal District, the Properties have a combined appraised value of $360,000.00. A true and correct copy of the Hunt County Appraisal District's webpage is attached as Exhibit B and incorporated by reference.

21.     Moreover, the Properties consist of two vacant lots and one residential property, which do not generate enough cash flow to fund a reorganization. At any rate, Debtor also assigned the rent and other income from the Properties to LSC. *See* Exhibit A-2, p. 5. Under these circumstances, Debtor cannot carry its burden of showing that the Properties are necessary to an effective reorganization.

22.     Thus, Movant is entitled to relief from the automatic stay permitting Movant to exercise all rights and remedies against the Properties under state law including foreclosure and disposition of the Properties.

IV.

PRAYER

WHEREFORE, Movant prays that this Court enter an Order, after notice and hearing, terminating the automatic stay imposed by 11 U.S.C. §362(a) to allow Movant to exercise all rights and remedies against the Properties under state law including, foreclosing its lien on the Properties. Movant further prays that this Court waive the fourteen-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(4). Movant further prays for such other and further relief, at law or in equity, to which this Court may find Movant to be justly entitled.

Respectfully submitted on the 22nd day of June 2026.

Respectfully Submitted,

COOK KEITH & DAVIS,
A PROFESSIONAL CORPORATION

/s/ Stephen W. Davis
STEPHEN W. DAVIS
State Bar No. 24066792
stephen@cookkeithdavis.com
REGINALD A. JALA
State Bar No. 24132126
reggie@cookkeithdavis.com
6688 North Central Expressway, Suite 100
Dallas, Texas 75206
(214) 368-4686
(214) 363-9979 Facsimile

**ATTORNEYS FOR CREDITOR
LITTLE SHEPHERDS CAPITAL, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on this the 22nd day of June 2026, I electronically filed the foregoing document with the United States Bankruptcy Court for the Northern District of Texas, using the court's electronic case filing system.  The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept the Notice of Electronic Filing as service of this document by electronic means.  For those attorneys who have not consented to accept the Notice of Electronic Filing as service of this document by electronic means, I forwarded a true and correct copy of the above and foregoing document via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure.

/s/ Stephen W. Davis
STEPHEN W. DAVIS