# EXHIBIT A-2

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**Deed of Trust**

**Terms**

**Date:**        April 26, 2024

**Grantor:**      EEE Development, LLC

**Grantor's Mailing Address:**        5907 Wesley St., Ste 102
Greenville, TX 75402

**Trustee:**      Brent A. Money

**Trustee's Mailing Address:**        2606 Lee Street
Greenville, Texas 75401
Hunt County

**Lender:**      Little Shepherds Capital, LLC

**Lender's Mailing Address:**        7308 Wentwood Dr.
Dallas, Texas 75225
Dallas County

**Obligation**

   **Note**

      **Date**: April 26, 2024

      **Down Payment**:

         Original principal amount: Five Hundred Thousand and 0/100's ($500,000.00), pursuant to a Promissory Note of even date executed by Grantor and payable to the order of Lender, the terms of which are incorporated as if fully described herein.

      **Borrower**:   EEE Development, LLC

      **Lender**:   Little Shepherds Capital, LLC

      **Maturity date**:      October 26, 2024

---

**Terms of Payment**:   As provided in the note.

**Other Debt**:   None.

**Property (including any improvements):**

All those certain lots, tracts or parcels of land including any improvements thereon and being more particularly described in the attached **Exhibit A.**

**Prior Lien:**   None.

**Other Exceptions to Conveyance and Warranty:**

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust.   Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty.   On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

**Clauses and Covenants**

**A.**     **Grantor's Obligations**

Grantor agrees to-

1.     keep the Property in good repair and condition;

2.     pay all taxes and assessments on the Property before delinquency;

3.     defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.     maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;

5.     obey all laws, ordinances, and restrictive covenants applicable to the Property;

6.     keep any buildings occupied as required by the Required Insurance Coverages;

7.     if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.     notify Lender of any change of address.

**DEED OF TRUST**                                                                                   **PAGE 2**

## B.    Lender's Rights

1.    Lender or Lender's mortgage servicer may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender are subrogated to all the rights and liens of the holders of any debt so paid.

3.    Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy.   If the Property is Grantor's primary residence and Lender reasonably determine that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

4.    Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in their discretion determine.

5.    If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts.   The amount to be reimbursed will be secured by this deed of trust.

6.    If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

      a.    declare the unpaid principal balance and earned interest on the Obligation immediately due;

      b.    direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

      c.    purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

7.    Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

---

## C.    Trustee's Rights and Duties

If directed by Lender to foreclose this lien, Trustee will

1.    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.    sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3.    from the proceeds of the sale, pay, in this order-

a.    expenses of foreclosure, including a reasonable commission to Trustee;

b.    to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c.    any amounts required by law to be paid before payment to Grantor; and

d.    to Grantor, any balance; and

4.    be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

## D.    General Provisions

1.    If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser.  If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.    Recitals in any trustee's deed conveying the Property will be presumed to be true.

3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.    This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

5.    If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.    Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property.  After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release

---

any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7.  Grantor assigns to Lender absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lender's licensee collect rent and other income and receipts as long as Grantor is not in default with respect to the Obligation or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Obligation and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due with respect to the Obligation and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Obligation or performance of this deed of trust, Lender may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lender neither have nor assume any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lender's rights and remedies and then to Grantor's obligations with respect to the Obligation and this deed of trust in the order determined by Lender. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Lender's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8.  Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.  In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. When the context requires, singular nouns and pronouns include the plural.

11. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

12. Grantor and Lender expressly agree that the *Note* is "non-escrow" and that all payments for taxes, insurance, and other assessments be made by Grantor outside of the debt obligations under the *Note* directly to the Tax Assessor Collector, Hazard Insurer, or other assessment payee.

13.     If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

14.     GRANTOR MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTOR OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

15.     If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default.  If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

16.     This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

17.     If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

18.     Grantor and each surety, endorser, and guarantor of the Obligation waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

19.     Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

20.     If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

21.     The term *Lender* includes any mortgage servicer for Lender.

[SIGNATURE PAGE TO FOLLOW]

**EEE DEVELOPMENT, LLC**

By:_____

Larry Ellis, Chief Operating Officer

STATE OF TEXAS                    §
                                  §
COUNTY OF HUNT                     §

This instrument was acknowledged before me on April 24, 2024, by Larry Ellis on the behalf of EEE Development, LLC, as the Chief Operating Officer thereof.

_____
Notary Public, State of Texas

TIMOTHY ELLIOTT MONEY
Notary Public, State of Texas
Comm. Expires 03-02-2025
Notary ID 132951288

---

**DEED OF TRUST**                                                                 **PAGE 7**

## EXHIBIT A

Lot 15, Block J, of STONEWOOD PHASE 3, an addition to the City of Greenville, Hunt County, Texas, pursuant to the final plat map thereof recorded in as Document No. 2022-01396 on January 20, 2022, of the Official Public Records of Hunt County, Texas (commonly known as 7806 Grant Lane, Greenville, Texas.)

Lot 10 and 11 of Block F, of ELLIS ESTATES PHASE 2-A, a proposed addition to the City of Greenville, Hunt County, Texas, pursuant to the preliminary plat of Ellis Estates being part of the Thomas S. Havins Survey, Abstract No. 1267, City of Greenville, Hunt County Texas.

THE STATE OF TEXAS

COUNTY OF HUNT

I hereby certify that this instrument was FILED on the date and the time stamped hereon by me and was duly RECORDED in the Records of HUNT County, Texas.

2024-08079     DT
05/03/2024 10:39 AM

Becky Landrum, County Clerk
Hunt County, TX

---