Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
**DRIVER STEPHENSON, PLLC**
13155 Noel Road, Suite 900
Dallas, TX 75240
Telephone: 214-910-9558
Email: vickie@driversteplaw.com
Email: crissie@driversteplaw.com

**COUNSEL FOR BAKRI HOLDINGS, LLC**

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| **EEE DEVELOPMENT, LLC** | § | **CASE NO. 26-80006-SGJ11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

**BAKRI HOLDINGS, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND ALTERNATIVE MOTION FOR ADEQUATE PROTECTION**

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE FILED IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON **AUGUST 3, 2026**, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Movant, Bakri Holdings, LLC ("Movant" or "Bakri"), creditor in the

above-numbered and styled bankruptcy case, and files this Motion requesting entry of an order

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ALTERNATIVE MOTION FOR ADEQUATE PROTECTION - Page 1**

terminating the automatic stay pursuant to 11 U.S.C. § 362(d) or in the alternative, seeking adequate protection, and in support of same would respectfully show the Court the following:

## I. JURISDICTION

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §362. This is a core proceeding under 28 U.S.C. §157(b).

## II. FACTS

2.      On May 8, 2026, an involuntary Chapter 11 petition was filed against Debtor EEE Development, LLC (the "Debtor"). The Court entered an Order for Relief on June 3, 2026 [Docket No. 22]. The Court also directed the United States Trustee (the "UST") to appoint a Chapter 11 trustee for the estate [Docket No. 23]. On June 11, 2026, the UST appointed Mark Weisbart as the Chapter 11 trustee [Docket No. 35].

3.      On or about December 23, 2024, the Debtor executed a Construction Funding and Participation Agreement (the "Agreement") wherein Bakri agreed to pay the Debtor $300,000.00 to fund the construction of two (2) single family residential homes in Greenville, Texas. A true and correct copy of the Agreement and the subsequent Modification and Extension Agreement (the "Modification") thereto is attached as Exhibit A-1 and incorporated by reference.

4.      The Agreement required the Debtor to make "profit participation payments" in the amount of $5,000 each month during 2025, with the entire principal amount of $300,000 due on December 23, 2025.  The Modification extended the maturity date to December 23, 2026, with another year of monthly profit participation payments. *See* Exhibit A-1.

5.      To secure the Agreement, the Debtor executed a Deed of Trust, recorded as Instrument No. 2025-00258 in the property records of Hunt County, Texas to secure repayment of funds per the Agreement. A true and correct copy of the Deed of Trust is attached as Exhibit A-2

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ALTERNATIVE MOTION FOR ADEQUATE PROTECTION - Page 2**

and incorporated by reference. The Deed of Trust grants Bakri a first priority lien on the following

real property ("Property"):

Lots 49 and 48, of Block A, of ELLIS ESTATES PHASE 2B, an addition to the City of Greenville, Hunt County, Texas, pursuant to the plat thereof recorded as Document No. 2024-21510 on November 7, 2024, of the Official Public Records of Hunt County, Texas (commonly known as 270 Trevor Lane and 300 Trevor Lane, Greenville, Texas) (the "Property").

*See* Exhibit A-2.

6.      The Deed of Trust is the first and superior lien on the Property.

7.      The Debtor stopped making payments due and owing under the Agreement and

Modification in March 2026, which constitutes a material default and breach of the Agreement.

8.      On April 1, 2026, Bakri sent the Debtor a notice of default and demand for cure

("Demand Letter"), advising the Debtor that if the past due payments were not timely cured, and

adequate assurance of future payments provided, that Bakri would foreclose on the lien and move

forward with a foreclosure sale pursuant to the Texas Property Code.  A true and correct copy of

the Demand Letter is attached as Exhibit A-3 and incorporated by reference.

9.      The Debtor has not cured the default, and no post-petition payments have been

received from the Debtor since the filing of the involuntary petition on May 8, 2026. The Debtor

is $25,000.000 past due on monthly participation payments as of the filing of this Motion.

10.      The Debtor's failure to make payments when due constitutes default under the

Agreement and Deed of Trust.

11.      As of the filing of this Motion, the total amount due and owing to Bakri is

$300,000.00 in principal, plus accrued and unpaid participation payments, fees, and costs as

provided under the Agreement, the Modification and the Deed of Trust.

12.      Accordingly, Bakri requests relief from the automatic stay to permit it to exercise

its rights and remedies under the Agreement, the Modification, and the Deed of Trust, and

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ALTERNATIVE MOTION FOR ADEQUATE PROTECTION - Page 3**

applicable state law, including proceeding with foreclosure of its lien on the Property. In the alternative, Bakri requests that the Debtor make adequate protection payments to protect Bakri against the erosion of value in the Property.

### III. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d).

13. Movant incorporates the paragraphs above as if fully set forth herein verbatim.

14. Movant requests that the Court terminate the automatic stay to allow Movant to exercise all of its rights and remedies against the Debtor under state law, including foreclosing its lien on the Property.

15. Section 362(d)(1) of the Bankruptcy Code states "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…for cause." 11 U.S.C. § 362(d)(1).

16. Moreover, Section 362(d)(2) of the Bankruptcy Code requires the Court to grant relief from the automatic stay where (a) the debtor has no equity in the property against which a party seeks to act and (b) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

17. While the movant has the burden of proof on the issue of the debtor's equity in the property, "the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g). Showing that collateral is necessary to an effective reorganization requires demonstrating both that the property is needed for a potential reorganization and that there can be an effective reorganization in the sense that there is "a reasonable possibility of a successful reorganization within a reasonable time." *In re Northbelt, LLC*, No. 19-30388, 2020 Bankr. LEXIS 2358, at *11 (Bankr. S.D. Tex. 2020).

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ALTERNATIVE MOTION FOR ADEQUATE PROTECTION - Page 4**

18. The amount owed to Bakri under the Agreement and Modification exceeds the value of the Property. According to the Hunt County Appraisal District, the Property has an appraised value of $41,044 per lot for 2026. A true and correct copy of the Hunt County Appraisal District's webpage is attached as Exhibit B and incorporated by reference. This is also the approximate value used by Avishkar Property Management, LLC in filing the Schedules, See Docket No. 64.  On July 20, 2026, the Debtor filed schedules valuing each lot of the Property at $65,000 [Docket No. 68], attached as Exhibit C. Whether the Debtor's assertion of value is used, or the tax appraisal is used, there is no equity in this Property.

19. Moreover, the Property is residential property, which does not generate enough cash flow to fund a reorganization. At any rate, the Debtor also assigned rents, proceeds, and other income from the Property to Bakri. *See* Exhibit A-2, p. 5. Under the circumstances, the Debtor cannot carry its burden of showing that the Property is necessary to an effective reorganization.

20. Thus, Movant is entitled to relief from the automatic stay permitting Movant to exercise all rights and remedies against the Property under state law including foreclosure and disposition of the Property.

IV. ALTERNATIVE REQUEST FOR RELIEF

21. In the alternative, Bakri seeks adequate protection.  Section 361 of the Bankruptcy Code sets forth the three means by which adequate protection may be provided. 11 U.S.C. § 361. The trustee may make cash payments, provide additional replacement liens, or other relief. 11 U.S.C. § 361. Bakri has an interest in the Property in the form of its lien.  Given the lack of equity in the Property, adequate protection is appropriate here if relief from the automatic stay is not granted.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ALTERNATIVE MOTION FOR ADEQUATE PROTECTION - Page 5**

WHEREFORE, Movant prays that this Court enter an Order, after notice and hearing, terminating the automatic stay imposed by 11 U.S.C. §362(a) to allow Movant to exercise all rights and remedies against the Property under state law including foreclosing its lien on the Property. In the alternative, Movant respectfully requests adequate protection payments in the amount of the monthly participation payments owed under the Agreement. Movant further prays that this Court waive the fourteen-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(4). Movant further prays for such other and further relief, at law or in equity, to which this Court may find Movant to be justly entitled.

Date: July 20, 2026.

Respectfully submitted,

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
**DRIVER STEPHENSON, PLLC**
13155 Noel Road, Ste. 900
Dallas, TX 75240
Ph. 214-910-9558
vickie@driversteplaw.com
crissie@driversteplaw.com

**COUNSEL FOR BAKRI HOLDINGS, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 20, 2026, I conferred with counsel for the Chapter 11 Trustee regarding the relief requested herein.  The Chapter 11 Trustee is opposed to the relief requested.

*/s/ Christina W. Stephenson*
Christina W. Stephenson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all parties requesting notice herein, via the ECF filing system, and upon the attached service list on this the 20th day of July, 2026.


/s/ *Christina W. Stephenson*
Christina W. Stephenson