Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
**DRIVER STEPHENSON, PLLC**
13155 Noel Road, Suite 900
Dallas, TX 75240
Telephone: 214-910-9558
Email: vickie@driversteplaw.com
Email: crissie@driversteplaw.com

**COUNSEL FOR BAKRI HOLDINGS, LLC**

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 11** |
| | § | |
| **EEE DEVELOPMENT, LLC** | § | **CASE NO. 26-80006-SGJ11** |
| | § | |
| **DEBTOR.** | § | |

### AFFIDAVIT OF MUHAMMAD ALBAKRI IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1. "My name is Muhammad Albakri. I am of sound mind, capable of making this affidavit, and have personal knowledge of the facts herein, which are all true and correct.

2. "I am an Authorized Representative of Bakri Holdings, LLC ("Bakri"), Movant in the above-styled proceeding. I have or a person under my supervision has care, custody, and control of all records concerning the account of Debtor EEE Development, LLC ("Debtor").

3. "I am a custodian of the records of Bakri. Attached hereto are 119 pages of records from Bakri. These records are kept by Bakri in the regular course of business, and it was the regular course of business of an employee of Bakri, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original, exact duplicates of the original, or summaries of the original.

4.      "On or about December 23, 2024, the Debtor executed a Construction Funding and Participation Agreement (the "Agreement") wherein Bakri agreed to pay the Debtor $300,000.00 to fund the construction of two (2) single family residential homes in Greenville, Texas. A true and correct copy of the Agreement and the subsequent Modification and Extension Agreement (the "Modification") thereto is attached as Exhibit A-1 and incorporated by reference.

5.      "The Agreement required the Debtor to make "profit participation payments" in the amount of $5,000 each month during 2025, with the entire principal amount of $300,000 due on December 23, 2025.  The Modification extended the maturity date to December 23, 2026, with another year of monthly profit participation payments. *See* Exhibit A-1.

6.      "To secure the Agreement, the Debtor executed a Deed of Trust, recorded as Instrument No. 2025-00258 in the property records of Hunt County, Texas to secure payment of the Agreement. A true and correct copy of the Deed of Trust is attached as Exhibit A-2 and incorporated by reference. The Deed of Trust grants Bakri a first priority lien on the following real property ("Property"):

> Lots 49 and 48, of Block A, of ELLIS ESTATES PHASE 2B, an addition to the City of Greenville, Hunt County, Texas, pursuant to the plat thereof recorded as Document No. 2024-21510 on November 7, 2024, of the Official Public Records of Hunt County, Texas (commonly known as 270 Trevor Lane and 300 Trevor Lane, Greenville, Texas) (the "Property").

*See* Exhibit A-2. A true and correct copy of the Deed of Trust is attached as Exhibit A-2 and incorporated by reference.

7.      "Additionally, Debtor assigned "all present and future rent and other income and receipts from the Property" to Bakri. See Exhibit A-2.

8.      "The Deed of Trust is the first and superior lien on the Property.

9.      "The Debtor stopped making payments due and owing under the Agreement and Modification in March 2026, which constitutes a material default and breach of the Agreement. The Debtor is $25,000.000 past due on monthly participation payments as of the filing of this Motion.

10.     "On April 1, 2026, Bakri sent the Debtor a notice of default and demand for cure ("Demand Letter"), advising the Debtor that if the past due payments were not timely cured, and adequate assurance of future payments provided, that Bakri would foreclose on the lien and move forward with a foreclosure sale pursuant to the Texas Property Code.  A true and correct copy of the Demand Letter is attached as Exhibit A-3 and incorporated by reference.

11.     "The Debtor has not cured the default, and no post-petition payments have been received from the Debtor since the filing of the involuntary petition on May 8, 2026. As of the filing of this Motion, the total amount due and owing to Bakri is $300,000.00 in principal, plus accrued and unpaid participation payments, fees, and costs as provided under the Agreement, the Modification and the Deed of Trust.

12.     "The amount currently owed to Bakri under the Note exceeds the value of the Property. According to the Hunt County Appraisal District, the Property has an appraised value of $41,044 per lot. A true and correct copy of the Hunt County Appraisal District's webpage is attached to the Motion as Exhibit B and incorporated by reference. I am unaware of any other existing appraisals of the Property.

13.     "Moreover, the Property is not necessary to an effective reorganization because it is a residential property, which does not generate enough cash flow to fund a reorganization."

*[The remainder of this page was left blank intentionally]*

Further Affiant Sayeth Naught;

_____    7-17-2026
Muhammad Albakri

SNEHALBEN PATEL
Notary Public, State of Texas
Comm. Expires 02-02-2028
Notary ID 134744099

STATE OF _Texas_
COUNTY OF _Collin_

This instrument was acknowledged before
me this 17th day of _July_ , 20_26_
by _Muhammad Sumer Al-Bakri_
_S. P. Patel_  _Snehalben Patel_
Notary Public's Signature       Notary Name
My Commission Expires _02-02-2028_