## Promissory Note

**Date**:  August 11, 2025

**Borrower**:    EEE Development, LLC, a Texas limited liability company

**Borrower's Mailing Address:**

EEE Development, LLC
5907 Wesley St., Ste 102
Greenville, TX 75402

**Lender**:    RALA Enterprises, LLC, a Texas limited liability company

**Place for Payment:**

3651 S. Custer Rd., Unit 104
McKinney, Texas   75070, or any other place that Lender may designate in writing.

**Principal Amount**:  $300,000.00

**Annual Interest Rate**:      Eighteen Percent (18%)

**Maturity Date**:      August 11, 2026

**Terms of Payment (principal and interest)**:

The Principal Amount is due and payable in its entirety on or before the Maturity Date set forth above.  The interest on such Principal Amount is due and payable monthly as it accrues as follows:  in equal monthly payments of $4,500.00 per month, beginning on September 11, 2025, and continuing on the 11th day of each month thereafter until the Maturity Date, when the Principal Amount and all accrued and unpaid interest thereon shall be due and payable in full. Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount.

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

**Security for Payment**: This note is secured by a deed of trust dated August 11, 2025 from EEE Development, LLC to Salman Bhojani, Bhojani Law, PLLC, trustee, which covers the following real property:

Lot 34, Block F, of STONEWOOD ESTATES PHASE 3, an addition to the City of Greenville, Hunt County, Texas, pursuant to the final plat map thereof recorded as Document No. 2022-01396 on January 20, 2022, of the Official Public Records of Hunt County, Texas (commonly known as 904 Hardaway Lane, Greenville, Texas).

**Other Security for Payment**: None

### Promise to Pay

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amounts plus interest from the date the payment was due to the date of payment at the Annual Interest Rate.

### Defaults and Remedies

A default exists under this note if (1) Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note; (2) (a) Borrower or (b) any other person liable on any part of this note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower or any Other Obligated Party other than as described in (1) above; (3) any representation in this note or in any other written agreement between Lender and Borrower or any Other Obligated Party is materially false when made; (4) a receiver is appointed for Borrower or an Other Obligated Party or any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this note; (5) any Collateral Security is assigned for the benefit of creditors; (6) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (7) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; (8) Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party is terminated, begins to wind up its affairs, or is authorized to terminate or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the termination or winding up of the affairs of Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; or (9) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition.

Notwithstanding any other provision of this note, in the event of a default, before exercising any of Lender's remedies under this note or any deed of trust securing it, Lender will first give Borrower written notice of default and Borrower will have ten days after notice is given in which to cure the default. If the default is not cured ten days after notice, (1) Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law, and rights under sections 51.003, 51.004 and 51.005 of the Texas Property Code, and rights under section 17.001 and chapter 43 of the Texas Civil Practice and Remedies Code and rule 31 of the Texas Rules of Civil Procedure; and (2) Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due and may exercise all other rights and remedies available at law or in equity.

### Attorney's Fees

Borrower also promises to pay reasonable attorney's fees and court and other costs if an attorney is retained to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

**Prepayment**: Borrower may prepay this note in any amount at any time before the Maturity Date without penalty or premium.

**Application of Prepayment**: Prepayments will be applied first to accrued interest and the remainder to installments on principal in the inverse order of maturity so that they will be applied to the last maturing principal installments first. These prepayments will not reduce the amount or time of payment of the remaining installments, which will continue until the Principal Amount and all accrued interest are paid. Interest on the prepaid principal will immediately cease to accrue.

### Interest Calculation

Interest on the debt evidenced by this note is computed on a 365/365 basis; that is, by applying the ratio of the interest rate over a year of 365 days, multiplied by the outstanding Principal Amount, multiplied by the actual number of days the Principal Amount is outstanding, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per diem basis of a year of 365 or 366 days, as the case may be. All interest payable under this note is computed using this method.

### Usury Savings

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount

Promissory Note

or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

All calculations of the rate of interest contracted for, charged, taken, reserved, or received in connection with this note that are made for the purpose of determining whether such rate exceeds the maximum nonusurious rate of interest permitted by law shall be made, to the extent permitted by applicable laws, by spreading, during the period of the full term of this note, all interest at any time contracted for, charged, taken, reserved, or received by Lender.

## Other Clauses

<u>Plurals</u>. When the context requires, singular nouns and pronouns include the plural.

<u>Late Charge</u>. If any installment becomes overdue for more than ten days, at Lender's option a late payment charge of 5% of the amount of the payment may be charged in order to defray the expense of handling the delinquent payment.

<u>Conflict</u>. If any provision of this note conflicts with any provision of a loan agreement, deed of trust, or security agreement of the same transaction between Lender and Borrower, the provisions of the deed of trust will govern to the extent of the conflict.

<u>Governing Law</u>. This note will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction.

<u>Reporting</u>. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

<u>Notices</u>. All notices required under this Note shall be personally delivered or sent by first class mail, postage prepaid, or by overnight courier to the principal office of Borrower or Lender, as applicable.

<u>Entirety</u>. This note and the documents and instruments delivered in connection herewith embody the final, entire agreement of Borrower and Lender and may not be contradicted or varied by evidence of prior, contemporaneous, or subsequent oral agreements or discussions of Borrower and Lender. There are no oral agreements between Borrower and Lender. This note may be amended or modified only by written instrument duly executed by Borrower and Lender.

<u>Binding Effect</u>. This note shall be binding upon and inure to the benefit of Borrower and Lender and their respective successors and assigns.

<u>Provisions Construed Separately</u>. The provisions of this note shall be severable. In the event any provision hereof shall be or become or be held invalid or unenforceable by any court

of competent jurisdiction, such provision shall be null and void and deemed deleted from this note, and the remainder of this note shall remain in full force and effect among the parties hereto.

<u>Counterparts</u>.  This note may be executed in several counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  In proving this note, it shall not be necessary to produce or account for more than one such counterpart.

<u>Guaranty</u>.  Larry Ellis shall sign a guarantee guaranteeing unconditionally full and prompt payment of obligations due under this Note, on the same date as the execution of this Note, and the failure to do so shall constitute a default by Borrower hereunder.

<u>Lender Fees</u>.   Borrower agrees to pay Lender's attorneys fees in preparing and negotiating the loan documents, as well as title costs for lender's title policy, in total amount not to exceed $6,000.00 (which Lender paying any excess).

EEE Development, LLC, a Texas limited liability company,

By:_____
Larry Ellis, Chief Operating Officer