2025-14643    DT Total Pages: 13

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## Deed of Trust

### Basic Information

**Date:**           August 11, 2025

**Grantor:**        EEE Development, LLC, a Texas limited liability company

**Grantor's Mailing Address:**

> EEE Development, LLC
> 5907 Wesley St., Ste 102
> Greenville, TX 75402

**Trustee:**        Salman Bhojani, Bhojani Law, PLLC

**Trustee's Mailing Address:**

> 6301 Campus Cir. Dr. E., Ste. 100
> Irving, TX 75063

**Lender:**         RALA Enterprises, LLC, a Texas limited liability company

**Lender's Mailing Address:**

> 3651 S. Custer Rd., Unit 104
> McKinney, Texas  75070

### Obligation

> Note:
>
> > Date:   August 11, 2025
> >
> > Original principal amount:    $300,000.00
> >
> > Borrower:    EEE Development, LLC
> >
> > Lender:     RALA Enterprises, LLC

Page | 1

Maturity date: August 11, 2026

Terms of Payment:   As provided in the note.

Other Debt:

None.

## Property (including any improvements):

Lot 34, Block F, of STONEWOOD ESTATES PHASE 3, an addition to the City of Greenville, Hunt County, Texas, pursuant to the final plat map thereof recorded as Document No. 2022-01396 on January 20, 2022, of the Official Public Records of Hunt County, Texas (commonly known as 904 Hardaway Lane, Greenville, Texas).

## Prior Lien:

None.

## Other Exceptions to Conveyance and Warranty:

Liens described as part of the Consideration and any other liens described in the deed to Grantor as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for 2025, and subsequent assessments for that and prior years due to change in land usage, ownership, or both.

## A.   Granting Clause

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

## B.   Grantor's Obligations

*B.1.*   Grantor agrees to maintain all property and liability insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender , and as to property loss, that are payable to Lender under policies containing standard mortgage clauses, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender before execution of this deed of trust and again at least ten days before the expiration of the Required Insurance Coverages.

*B.2*    Grantor agrees to-

a.    keep the Property in good repair and condition;

b.    pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

c.    defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

d.    obey all laws, ordinances, and restrictive covenants applicable to the Property;

e.    keep any buildings occupied as required by the Required Insurance Coverages;

f.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments;

g.    notify Lender of any change of address;

h.    execute, acknowledge, and deliver to Lender any document reasonably requested by Lender, at Lender's request from time to time, to (1) correct any defect, error, omission, or ambiguity in this deed of trust or in any other document executed in connection with the Note or this deed of trust; (2) comply with Grantor's obligations under this deed of trust and other documents; (3) subject to and perfect the liens and security interests of this deed of trust and other documents any property intended to be covered thereby; and (4) protect, perfect, or preserve the liens and the security interests of this deed of trust and other documents against third persons or make any recordings, file any notices, or obtain any consents requested by Lender in connection therewith. Grantor agrees to pay all reasonable costs of the foregoing;

i.    own and operate the Property in compliance with all federal, state and local statutes, laws, regulations, ordinances, rules, judgments, orders, decrees, permits, concessions, grants, franchises, licenses, agreements or other governmental restrictions, now or hereafter in effect, relating to health or the environment or to emissions, discharges or releases of chemical substances, including, without limitation, any and all pollutants, contaminants, petroleum or petroleum products, asbestos or asbestos-

Page | 3

containing materials, polychlorinated biphenyls, urea-formaldehyde insulation, radon, industrial, toxic or hazardous substances or wastes, into the environment, including, without limitation, ambient air, surface water, ground water or land, or otherwise relating to the manufacture, processing, distribution, use, labeling, registration, treatment, storage, disposal, transport or handling of any of the foregoing substances or wastes or the clean-up or other remediation thereof ("**Environmental Laws**"); and

j.      keep or cause the Property to be kept free of all Hazardous Materials and to remove the same (or if removal is prohibited by law, to take whatever action is required by law) promptly upon discovery at its sole expense. The term "**Hazardous Materials**" means any hazardous waste, hazardous substance, toxic substance or other substance or material as defined or regulated by Environmental Laws.

*B.3*      Grantor shall not, without prior written consent of Lender, which may be withheld in Lender's sole discretion:

a.      alter the Property or construct any improvements on the Property;

b.      terminate any existing lease concerning the Property or enter into any new lease concerning the Property;

c.      subdivide any portion of the Property;

d.      plat or enter into any agreements concerning the development of the Property;

e.      enter into any agreements with governmental entities concerning the Property;

f.      encumber the Property;

g.      change or seek to change any zoning, entitlements, or other laws, rules, or regulatory affecting the use, operation, and/or development of the Property;

h.      enter into any written or recorded agreements, or allow any agreements to be recorded, concerning the Property; or

i.      (i) use, dispose of, generate, store, or place any Hazardous Material in, on, under, or at the Property in any manner that violates any Environmental Law; or (ii) permit or suffer any such violation of Environmental Law (or any other law) applicable to Grantor or the Property.

Page | 4

## C.      Lender's Rights

*C.1.*      Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

*C.2.*      If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

*C.3.*      Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy.

*C.4.*      Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

*C.5.*      If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts.  The amount to be reimbursed will be secured by this deed of trust.

*C.6.*      **COLLATERAL PROTECTION INSURANCE NOTICE**

**In accordance with the provisions of Section 307.052(a) of the Texas Finance Code, the Beneficiary hereby notifies the Grantor as follows:**

**(A)      the Grantor is required to:**

    **(i)      keep the collateral insured against damage in the amount the Lender specifies;**

    **(ii)      purchase the insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and**

    **(iii)      name the Lender as the persons to be paid under the policy in the event of a loss;**

**(B)      the Grantor must, if required by the Lender, deliver to the Lender a copy of the policy and proof of the payment of premiums; and**

**(C)      if the Grantor fails to meet any requirement listed in Paragraph (A) or (B), the Lender may obtain collateral protection insurance on behalf of the Grantor at**

**the Grantor's expense.**

*C.7.*   If a default exists in payment of the Obligation or performance of Grantor obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

    a.    declare the unpaid principal balance and earned interest on the Obligation immediately due;

    b.    exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

    c.    direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d.    purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

*C.8.*   Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**D.**    **Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

*D.1.*   either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

*D.2.*   sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

*D.3.*   from the proceeds of the sale, pay, in this order-

    a.    expenses of foreclosure, including a reasonable commission to Trustee;

    b.    to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.    any amounts required by law to be paid before payment to Grantor; and

    d.    to Grantor, any balance; and

*D.4.*   be indemnified, held harmless, and defended by Lender against all costs,

expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**E.      Indemnification.**

Grantor shall indemnify, defend and hold harmless each of Trustee and Lender, and their affiliates, and their respective successors and assigns, including the directors, officers, partners, members, shareholders, participants, employees, agents and advisors (each, an "**Indemnified Party**"), from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, claims, costs, expenses and disbursements of any kind or nature whatsoever (including the reasonable fees and disbursements of counsel for an Indemnified Party), that may be imposed on, incurred by, or asserted against any Indemnified Party in any manner, relating to, arising out of, as a result of, or in connection with: (i) the Property, (ii) any violation of Environmental Laws, or the presence of any Hazardous Materials, on or concerning the Property, or the required remediation or removal thereof, regardless of when the same arose and regardless of whether or not caused by or within the control of Borrower, (iii) the execution or delivery of this Deed of Trust or any other agreement or instrument contemplated hereby or executed in connection herewith, the performance by the parties hereto of their respective obligations hereunder, or the consummation of the transactions contemplated hereby, or (iv) any actual or prospective claim, litigation, investigation or proceeding relating to any of the foregoing whether based in contract, tort or any other theory and regardless of whether any Indemnified Party is a party thereto (collectively, the "Indemnified Liabilities"), EVEN IF SUCH INDEMNIFIED LIABILITIES ARISE, IN WHOLE OR IN PART, OUT OF THE ORDINARY NEGLIGENCE OF ANY INDEMNIFIED PARTY; provided, however, that Grantor shall not have any obligation to any Indemnified Party hereunder to the extent that such Indemnified Liabilities arose from the gross negligence or willful misconduct of such Indemnified Party. This Section E shall survive the release, foreclosure, or other termination of this Deed of Trust.

**F.      General Provisions**

*F.1.*     If Lender orders an appraisal of the Property while a default exists or to comply with legal requirements affecting Lender, Grantor, at Lender's request, agrees to reimburse Lender for the cost of any such appraisal. If Grantor fails to reimburse Lender for any such appraisal within ten days of Lender's request, that failure is a default under this deed of trust.

*F.2.*     Grantor agrees to execute, acknowledge, and deliver to Lender any document requested by Lender, at Lender's request from time to time, to (a) correct any defect, error, omission, or ambiguity in this deed of trust or in any other document executed in connection with the Note or this deed of trust; (b) comply with Grantor's obligations under this deed of trust and other documents; (c) subject to and perfect the liens and security interests of this deed of trust and other documents any property intended to be covered thereby; and (d) protect, perfect, or preserve the liens and the security interests of this deed of trust and other documents against third persons or make any recordings, file any notices, or obtain any consents requested by Lender in connection therewith. Grantor agrees to pay all costs of the foregoing.

Page | 7

*F.3.* If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor does not, Grantor will be a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

*F.4.* Recitals in any trustee's deed conveying the Property will be presumed to be true.

*F.5.* Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

*F.6.* This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

*F.7.* If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

*F.8.* Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

*F.9.* Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

*F.10.* Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

*F.11.*   In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

*F.12.*   When the context requires, singular nouns and pronouns include the plural.

*F.13.*   The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

*F.14.*   Grantor represents to Lender that no part of the Property is exempt as homestead from forced sale under the Texas Constitution or other laws.

*F.15.*   Grantor warrants to Lender and agrees that the proceeds of the Note will be used primarily for business or commercial purposes and not primarily for personal, family, or household purposes.

*F.16.*   Grantor will furnish to Lender or other holder of the Note annually, before taxes become delinquent, copies of tax receipts showing that all taxes on the Property have been paid. Grantor will annually furnish to Lender or other holder of the Note evidence of current paid-up insurance naming Lender or other holder of the Note as an insured.

*F.17.*   If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

*F.18.*   Grantor agrees to allow Lender or Lender's agents to enter the Property at reasonable times and inspect it and any personal property in which Lender is granted a security interest by this deed of trust.

*F.19.*   Deleted.

*F.20.*   Grantor may not sell, transfer, or otherwise dispose of any Property, whether voluntarily or by operation of law, without the prior written consent of Lender. If granted, consent may be conditioned upon (a) the grantee's integrity, reputation, character, creditworthiness, and management ability being satisfactory to Lender; and (b) the grantee's executing, before such sale, transfer, or other disposition, a written assumption agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not cause or permit any Property to be encumbered by any liens, security interests, or encumbrances other than the liens securing the Obligation and the liens securing ad valorem taxes not yet due and payable without the prior written consent of Lender. If granted, consent may be conditioned upon Grantor's executing, before granting such lien, a written modification agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, an

approval fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not grant any lien, security interest, or other encumbrance (a "Subordinate Instrument") covering the Property that is subordinate to the liens created by this deed of trust without the prior written consent of Lender. If granted, consent may be conditioned upon the Subordinate Instrument's containing express covenants to the effect that-

a.  the Subordinate Instrument is unconditionally subordinate to this deed of trust;

b.  if any action is instituted to foreclose or otherwise enforce the Subordinate Instrument, no action may be taken that would terminate any occupancy or tenancy without the prior written consent of Lender, and that consent, if granted, may be conditioned in any manner Lender determines;

c.  rents, if collected by or for the holder of the Subordinate Instrument, will be applied first to the payment of the Obligation then due and to expenses incurred in the ownership, operation, and maintenance of the Property in any order Lender may determine, before being applied to any indebtedness secured by the Subordinate Instrument;

d.  written notice of default under the Subordinate Instrument and written notice of the commencement of any action to foreclose or otherwise enforce the Subordinate Instrument must be given to Lender concurrently with or immediately after the occurrence of any such default or commencement; and

e.  in the event of the bankruptcy of Grantor, all amounts due on or with respect to the Obligation and this deed of trust will be payable in full before any payments on the indebtedness secured by the Subordinate Instrument.

Grantor may not cause or permit any of the following events to occur without the prior written consent of Lender: if Grantor is (a) a corporation, the termination of the corporation or the sale, pledge, encumbrance, or assignment of any shares of its stock; (b) a limited liability company, the termination of the company or the sale, pledge, encumbrance, or assignment of any of its membership interests; (c) a general partnership or joint venture, the termination of the partnership or venture or the sale, pledge, encumbrance, or assignment of any of its partnership or joint venture interests, or the withdrawal from or admission into it of any general partner or joint venturer; or (d) a limited partnership, (i) the dissolution of the partnership, (ii) the sale, pledge, encumbrance, or assignment of any of its general partnership interests, or the withdrawal from or admission into it of any general partner, (iii) the sale, pledge, encumbrance, or assignment of a controlling portion of its limited partnership interests, or (iv) the withdrawal from or admission into it of any controlling limited partner or partners. If granted, consent may be conditioned upon (a) the integrity, reputation, character, creditworthiness, and management ability of the person succeeding to the ownership interest in Grantor (or security interest in such ownership) being satisfactory to Lender; and (b) the execution, before such event, by the person succeeding to the interest of Grantor in the Property or ownership interest in Grantor (or security

interest in such ownership) of a written modification or assumption agreement containing such terms as Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor agrees not to grant any lien or security interest in the Property or to permit any junior encumbrance to be recorded or any claim to otherwise become an encumbrance against the Property. If an involuntary encumbrance is filed against the Property, Grantor agrees, within thirty days, to either remove the involuntary encumbrance or provide a bond acceptable to Lender against the involuntary encumbrance.

*F.21.* This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

*F.22.* If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

*F.23.* Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

*F.24.* Grantor will have full recourse liability for repayment of the principal and interest of the Note and the performance of all covenants and agreements of Grantor in this Deed of Trust.

*F.25.* Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if an attorney is retained for its enforcement.

*F.26.* If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

*F.27.* The term Lender includes any mortgage servicer for Lender.

*F.28.* Grantor hereby grants Lender a right of first refusal with respect to Grantor's power to authorize any third party (other than Lender pursuant to its rights as set forth in this instrument) to pay ad valorem taxes on the Property and authorize a taxing entity to transfer its tax lien on the Property to that third party. Grantor's authorization to any third party (other than Lender) to pay the ad valorem taxes and receive transfer of a taxing entity's lien for ad valorem taxes shall be null and void and of no force and effect unless Lender, within ten days after receiving written notice from Grantor, fails to pay the ad valorem taxes pursuant to Lender's rights as set forth in this instrument.

*F.29.* Grantor unconditionally warrants, represents, covenants and agrees that the obligations contained in the Note and this Deed of Trust are legal, valid and binding on Grantor

Page | 11

of guarantor of the Note, the parties executing the Note and this Deed of Trust on behalf of Grantor are duly authorized and empowered to enter into the Note and this Deed of Trust on behalf of Grantor without the need for signature or agreement of any other party, and the execution and delivery of, and performance under, the Note and this Deed of Trust: (i) are within Grantor's powers and have been duly authorized by all requisite action (corporate, company, partnership, trust or otherwise); have received all requisite approval by any and all governmental entities; (iii) will not violate conflict with, beach or constitute a default under any Legal Requirement (defined below) or result in the imposition of any lien, charge or encumbrance of any nature upon any of Grantor's assets except as contemplated herein. "Legal Requirement" shall mean any and all of the following that may now or hereinafter be applicable to Grantor or the Property: (a) judicial decisions, statutes, ruling, rules regulations, permits, certificates or ordinances of any governmental authority; (b) Grantor's or its members', shareholders', directors', managers' or officers' Company Agreement or Certificate of Formation or other agreements pertaining to any other for on Grantor's business entity; (c) restrictions of record; (d) other written or oral agreements or promises of any nature. Grantor is validly existing and in good standing under the laws of the State of Texas.

*F.30.*   Grantor represents that this deed of trust and the Note are given for the following purposes:

The Note represents THREE HUNDRED THOUSAND AND NO/100 DOLLARS ($300000.00) in cash that Lender advanced to Grantor on this day at Grantor's request and that Grantor acknowledges receiving.

[SIGNATURE PAGE TO FOLLOW]

EEE Development, LLC, a Texas limited liability company,

By: _____
Larry Ellis, Chief Operating Officer

STATE OF TEXAS                    )

COUNTY OF HUNT                    )

This instrument was acknowledged before me on _August 8_, 2025, by Larry Ellis, Chief Operating Officer of EEE Development, LLC, on behalf of EEE Development, LLC, a limited liability company.

_____
Notary Public, State of Texas
My commission expires: _10-30-27_



ELYSSA HARE
Notary Public, State of Texas
Comm. Expires 10-30-2027
Notary ID 132232868

PREPARED IN THE OFFICE OF:

Bhojani Law, PLLC
6301 Campus Circle Dr. E, Ste 100
Irving, TX 75063
(972) 786-6888

AFTER RECORDING RETURN TO:

RALA Enterprises, LLC
3651 S. Custer Rd., Unit 104
McKinney, Texas  75070

THE STATE OF TEXAS

COUNTY OF HUNT

I hereby certify that this instrument was FILED on the date and the time stamped hereon by me and was duly RECORDED in the Records of HUNT County, Texas.
**2025-14643    DT**
**08/08/2025 02:14 PM**

Becky Landrum, County Clerk
Hunt County, TX