## Guaranty

## Basic Information

**Date:** August 11, 2025

**Guarantor:** Larry Ellis

**Guarantor's Mailing Address:**

Larry Ellis
8580 Cedar Creek Lane
Greenville, TX 75402

**Borrower:** EEE Development, LLC, a Texas limited liability company

**Borrower's Mailing Address:**

EEE Development, LLC
5907 Wesley St., Ste 102
Greenville, TX 75402

**Lender:** RALA Enterprises, LLC, a Texas limited liability company

**Lender's Mailing Address:**

RALA Enterprises, LLC
3651 S. Custer Rd., Unit 104
McKinney, Texas 75070

**Guaranteed Indebtedness:** The debt evidenced by the note dated August 8, 2025, in the original principal amount of $300,000.00, executed by Borrower and payable to the order of Lender, the obligations under the deed of trust executed in connection with the note and any other document executed by Borrower evidencing or securing the note (collectively, the "Loan Documents"), plus all interest, penalties, expenses, attorney's fees, and other collection costs as provided in the Loan Documents.

## Clauses and Covenants

1.    Guarantor agrees to pay, when due or declared due, the Guaranteed Indebtedness

to Lender at Lender's Mailing Address.

2. Guarantor waives (a) diligence in preserving liability of any person on the Guaranteed Indebtedness and in collecting or bringing suit to collect the Guaranteed Indebtedness; (b) all rights of Guarantor under chapter 43 of the Texas Civil Practice and Remedies Code, section 17.001 of the Texas Civil Practice and Remedies Code, rule 31 of the Texas Rules of Civil Procedure, and sections 51.003, 51.004, and 51.005 of the Texas Property Code; (c) protest; (d) notice of extensions, increases, renewals, or rearrangements of the Guaranteed Indebtedness; and (e) notice of acceptance of this guaranty, of creation of the Guaranteed Indebtedness, of failure to pay the Guaranteed Indebtedness as it matures, of any other default, of adverse change in Borrower's financial condition, of release or substitution of collateral, of intent to accelerate, of acceleration, and of subordination of Lender's rights in any collateral, and every other notice of every kind. Guarantor's obligations under this guaranty will not be altered nor will Lender be liable to Guarantor because of any action or inaction of Lender in regard to a matter waived or of which notice is waived by Guarantor in the preceding sentence.

3. Guarantor agrees to pay reasonable attorney's fees and other collection costs if an attorney is retained to enforce this guaranty for collection.

4. This guaranty is an absolute, irrevocable, unconditional, and continuing guaranty of payment and performance and not of collection.

5. Lender need not resort to Borrower or any other person or proceed against collateral before pursuing its rights against Guarantor or any other guarantor. Lender's action or inaction with respect to any right of Lender under the law or any agreement will not alter the obligation of Guarantor hereunder. Lender may pursue any remedy against Borrower or any

collateral or under any other guaranty without altering the obligations of Guarantor hereunder and without liability to Guarantor, even though Lender's pursuit of such remedy may result in Guarantor's loss of rights of subrogation or to proceed against others for reimbursement of contribution or any other right.

6.    Guarantor will remain liable for the Guaranteed Indebtedness even though the Guaranteed Indebtedness may be unenforceable against or uncollectible from Borrower or any other person because of incapacity, lack of power or authority, discharge, or any other reason.

7.    Guarantor consents and acknowledges that Guarantor's obligations will not be released by (a) the renewal, extension, or modification of the Guaranteed Indebtedness or any of the Loan Documents; (b) the insolvency, bankruptcy, liquidation, or dissolution of Borrower or any other obligor; (c) the failure of Lender to properly obtain, perfect, or preserve any security interest or lien in any collateral for the Guaranteed Indebtedness; (d) the release, substitution, or addition of any collateral for the Guaranteed Indebtedness; or (e) the failure of Lender to exercise diligence, commercial reasonableness, or reasonable care in the preservation, enforcement, or sale of any of the collateral.

8.    Lender need not notify Guarantor that Lender has sued Borrower, but if Lender gives written notice to Guarantor that it has sued Borrower, Guarantor will be bound by any judgment or decree, to the extent permitted by law.

9.    Lender may sue any guarantor without impairing Lender's rights against any other guarantor, with or without making Borrower a party.  Lender may settle with Borrower or any other guarantor for such amounts as it may elect or may release Borrower or any guarantor or any collateral securing the Guaranteed Indebtedness without impairing Lender's right to collect the Guaranteed Indebtedness from Guarantor.

10.     This guaranty binds Guarantor and Guarantor's heirs, successors, and assigns, and it benefits and may be enforced by Lender and Lender's successors in interest.  When the context requires, singular nouns and pronouns include the plural.  This guaranty will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction.  The provisions of this guaranty are severable.  If a court of competent jurisdiction finds that any provision of this guaranty is unenforceable, then the remaining provisions will remain in effect without the unenforceable parts.

11.     Guarantor represents and warrants, as a material inducement to Lender to enter into the loan described herein, that (a) this Guaranty and each instrument securing this Guaranty have been duly executed and delivered and constitute legally enforceable obligations of Guarantor; (b) there is no action, suit or proceeding pending or, to Guarantor's knowledge, threatened against or affecting Guarantor, at law or in equity, or before or by any governmental authority, which might result in any materially adverse change in Guarantor's business or financial condition; (c) execution of this Guaranty will not render Guarantor insolvent; and (d) Guarantor expects to receive substantial benefits from Borrower's financial success.

12.     FINAL AGREEMENT: THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

_____

Larry Ellis

## CONSENT OF SPOUSE

I, Christie Tate, spouse of Larry Ellis, acknowledge that he, as Guarantor, has guaranteed the complete and timely performance of each obligation of EEE Development, LLC, a Texas limited liability company, as Borrower, under a Promissory Note dated August 11, 2025, evidencing indebtedness in the original principal amount of $300,000.00, executed by Borrower and payable to the order of RALA Enterprises, LLC, and the Deed of Trust executed in connection with such note and any other document executed by Borrower evidencing or securing such note. I hereby consent to my spouse binding our community property and his separate property in this manner.

Christie Tate